UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:      -CIV-

EDWIN NORIEGA,

    Plaintiff,

v.

WESTMINSTER ST. AUGUSTINE.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, EDWIN NORIEGA (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, WESTMINSTER ST. AUGUSTINE (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981, Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA").

### PARTIES

2. Plaintiff, Edwin Noriega, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, WESTMINSTER ST. AUGUSTINE. is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Middle District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. 760.01, et seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et. seq.

6. At all times material hereto Defendant was an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. Plaintiff is an "employee" within the meaning of the ADEA.

9. Defendant is an "employer" within the meaning of the ADEA.

10. At all times material hereto Defendant was an "employer" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

11. At all times material hereto Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

## JURISDICTION AND VENUE

12. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

13. Venue is proper in the United States District Court of the Middle District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

14. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

15. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

16. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

17. The Plaintiff is a 63-year-old Puerto Rican Hispanic Male.

18. In or about August 1, 2001, the Plaintiff began working for Defendant in the maintenance department.

19. On or about October 2017, Westminster St. Augustine was bought out by a new company, which introduced a new administration team.

20. Defendant's new administrative team begins to start hiring young workers who were promoted quickly, for example his supervisor Cheo, although they had worked less time than other older similarly situated employees, like Plaintiff.

21. Plaintiff began to realize that all the younger employees that Defendant's new administration hired also received better salaries and bonuses compared to himself and other older similarly situated employees.

22. On or around November 2017, Plaintiff's supervisor, Ron Smith, told Plaintiff that he could no longer speak Spanish during his shift. Plaintiff is the only Hispanic worker in Defendant's maintenance department.

23. The other only four Hispanic workers were also told by Ron Smith that they were not allowed to speak Spanish during work hours, and if they wanted to speak Spanish, "They can do so in the streets when they aren't working." All four other Hispanic workers resigned through Plaintiff's tenure there due to their treatment.

24. On or around June 2020, Daniel, one of Plaintiff's new younger co-worker, told Plaintiff that his car was a "piece of shit" and to remove it from Plaintiff's parking spot. Confused, Plaintiff learned after his interaction with Daniel that Plaintiff's parking spot was taken away by his supervisor Cheo and given to Daniel.

25. Plaintiff's car was a company car that was given to him by Defendant. Plaintiff realized that newer and better model cars were given to the new younger similarly situated employees, like Daniel, and not to older employees like him.

26. Plaintiff called HR and spoke to Mary, who after a long discussion and pleading, returned Plaintiff his parking spot.

27. Plaintiff in the upcoming weeks began to realize that Defendant began to reduce the hours Plaintiff worked for them, however no explanation was given as to why this was happening.

28. On July 1st, 2020, Plaintiff went on vacation to the state of Georgia. On July 14, 2020, Plaintiff received a call from Defendant that he had to return to work and end his vacation short.

29. Plaintiff called HR and spoke to Mary again who informed him that he had to be tested for COVID-19 before returning.

30. Plaintiff got tested for COVID-19 and received a negative result but was not allowed to return to work, missing a week of work.

31. The following week, Plaintiff was still not allowed to return to work. Plaintiff attempted to call HR, specifically Mary but got no response.

32. After not being able to work for two weeks, Defendant's CEO, Debbie, called Plaintiff. Plaintiff informed Debbie of his situation and negative COVID-19 results, and was told he has to be personally tested by them to return back to work but the test had to be administrated next week.

33. After missing three weeks of work, Plaintiff was finally allowed back to work on August 18, 2020, after being tested by Defendant themselves and getting a negative COVID-19 result again.

34. When Plaintiff returned to go back to work, he realized that his access to enter Defendant's property, specifically the nursing home, was revoked and he could not enter to commence work.

35. Plaintiff noticed that none of his young co-workers were experiencing the same problem of accessing the nursing home he was having, and Defendant did not try to help Plaintiff in his circumstances.

36. Feeling that he can no longer tolerate the unfavorable treatment towards him due to his age and national origin, Plaintiff resigned from his position from Plaintiff.

37. Plaintiff never received his last pay check for his services provided to the company.

38. The Plaintiff never had any issues, warnings, or disciplinary actions during the 19 years of service and received exceptional reviews.

39. The Plaintiff was qualified to do his job in the maintenance department.

40. The Plaintiff was replaced by a substantially younger, non Hispanic person for the same position as Plaintiff.

41. As a result of Defendant's discriminatory treatment of the Plaintiff based on his age and national origin, the Plaintiff had suffered damages and was forced to retain undersigned counsel.

## COUNT I
## Age Discrimination in Violation of the ADEA

42. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-41 above as is set out in full herein.

43. Plaintiff is in the protected age category under the ADEA.

44. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

45. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

46. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

47. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

48. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

49. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

50. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

51. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

52. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

53. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

54. Defendant is a covered employer to which the ADEA applies.

55. Defendant terminated and disqualified Plaintiff from employment because of Plaintiff's age.

56. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

57. Plaintiff re-alleges and re-affirms Paragraphs 1-41 as is it fully set forth herein.

58. Plaintiff is a member of a protected age category under the FCRA.

59. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

60. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

61. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

62. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

63. Defendant retained the new, younger employees, trained by Plaintiffs and did so despite the knowledge of engaging in discriminatory actions.

64. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

65. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

66. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

67. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant.

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein.

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### National Origin Discrimination in Violation of the Title VII

1. Plaintiff realleges and reaffirms the allegations contained in the above paragraphs 1 through 41, as if fully set forth herein.

2. Defendant engaged in practices that willfully, intentionally, and unlawfully discriminated against Plaintiff based on his national origin. Defendant has engaged in a pattern of continuous discrimination against Plaintiff because she is of Cuban national origin.

3. Defendant was aware that Plaintiff was singled out for mistreatment in a discriminatory manner because of his national origin. Defendant participated in, were aware of, and/or allowed the discrimination. Defendant knew such actions were unlawful but acted in reckless disregard of the law.

4. Defendant's conduct complained of here was willful and in disregard of Plaintiff's protected rights.

5. Plaintiff would have continued in his employment with Defendant, entitled to his wages and benefits, but for the discriminatory conduct of Defendants.

6. As a direct and proximate result of Defendants' discriminatory acts and/or omissions, Plaintiff suffered an adverse employment action, termination, based on his national origin.

7. The conduct of Defendant, by and through the conduct of its employees, agents, and/or representatives, and the Defendant's endorsement of discriminatory activities, and

Defendant's failure to address, mitigate, and/or take remedial actions to prevent such discrimination toward Plaintiff, deprived Plaintiff of his statutory rights under federal and state law.

8. As a result of Defendant's acts and/or omissions, Plaintiff suffered both irreparable injury and compensable damages.

9. Plaintiff was forced to retain undersigned counsel to prosecute his claims and is entitled to attorneys' fees pursuant to 42 U.S.C.A. § 1988, the Civil Right Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff, Arturo Martin, respectfully requests this Honorable Court enter judgment for Plaintiff and against Defendant containing the following relief:

a. A declaratory judgment that the aforementioned actions, conduct, and practices of Defendants violate the laws of the United States and the State of Florida;

b. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and or economic harm;

c. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and /or physical injuries;

d. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus pre-judgment interest;

e. An award of punitive damages;

f.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

g.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088